UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORREY MITCHELL,<br><br>   Plaintiff,<br><br>   v.<br><br>RONALD BROOMFIELD, et al.,<br><br>   Defendants. | Case No. 23-cv-06295-JSW<br><br>**ORDER OF PARTIAL DISMISSAL AND OF SERVICE** |

## INTRODUCTION

Plaintiff, a California prisoner proceeding pro se, filed this civil rights case under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis in a separate order. For the reasons discussed below, certain claims are dismissed, and the complaint is ordered served on Defendants.

## ANALYSIS

**A.    STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon

1    which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although
2    in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's
3    obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and
4    conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .
5    Factual allegations must be enough to raise a right to relief above the speculative level." *Bell*
6    *Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint
7    must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

8          To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1)
9    that a right secured by the Constitution or laws of the United States was violated, and (2) that the
10   alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*,
11   487 U.S. 42, 48 (1988).

12   **B.    LEGAL CLAIMS**

13         Plaintiff's allegation that Defendant Elisha Scott and Defendant Ronald Broomfield caused
14   his prison records to add 44 years to his sentence, i.e. from a term of 207 years to life to a term of
15   251 years to life, when liberally construed, states cognizable claims against them for violating his
16   federal constitutional rights to due process and to be free from cruel and unusual punishment.

17         Plaintiff's claim that this conduct also violated his right to equal protection because it
18   discriminated against him based upon his membership in the "protected class" of being a "3-
19   striker," i.e. an inmate sentenced under California's "Three Strikes" Law.  "The Equal Protection
20   Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its
21   jurisdiction the equal protection of the laws,' which is essentially a direction that all persons
22   similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S.
23   432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)).  People sentenced under
24   California's Three Strikes Law are not a "protected class" under the Equal Protection Clause.  In
25   addition, inmates sentenced under the Three Strikes Law are not "similarly situated" to inmates
26   who were not sentenced under that law.  Plaintiff's allegation he was treated differently because of
27   his Three Strikes sentence indicates he was treated like other similarly situated inmates – i.e.,
28   inmates sentenced under the Three Strikes Law – and differently from *dis*similarly situated

inmates – i.e., inmates *not* sentenced under the Three Strikes Law. This is not a valid Equal Protection Claim.

Plaintiff's claim that Defendant John Doe's mishandling of his administrative grievances violated his rights to due process and under the First Amendment (via retaliation) are cognizable and may proceed if and when Plaintiff submits the name and location of this Defendant.

## CONCLUSION

For the reasons set out above,

1. The equal protection claim is DISMISSED, as explained above. On or before **March 19, 2024**, Plaintiff shall submit the name of the "Doe" Defendant and his location for service. Failure to do so will result in the dismissal of the claims against this Defendant.

2. Defendant Elisha Scott shall be served at Lancaster State Prison. Defendant Ronald Broomfield shall be served at the California Department of Corrections in Sacramento, California.

Service shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the Amended Complaint, this Order, a CDCR Report of E-Service Waiver form, and a summons. The clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons, and the operative complaint for service upon each defendant who has

1  not waived service. The clerk also shall provide to the USMS a copy of the CDCR Report of E-
2  Service Waiver.

3      3. Defendants **shall** file an answer in accordance with the Federal Rules of Civil
4  Procedure.

5      4. In order to expedite the resolution of this case:

6         a. No later than **91 days** from the date this order is filed, Defendants shall file a
7  motion for summary judgment or other dispositive motion. If defendants are of the opinion that
8  this case cannot be resolved by such a motion, they shall so inform the court prior to the date the
9  motion is due. All papers filed with the court shall be promptly served on the plaintiff.

10         b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the
11  court and served upon defendants no later than **28 days** from the date of service of the motion.
12  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him
13  pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v.*
14  *Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

15         c. Defendants **shall** file a reply brief no later than **14 days** after the date of service
16  of the opposition.

17         d. The motion shall be deemed submitted as of the date the reply brief is due. No
18  hearing will be held on the motion unless the court so orders at a later date.

19         e. Along with his motion, defendants shall file proof that they served plaintiff the
20  *Rand* warning at the same time they served him with their motion. Failure to do so will result in
21  the summary dismissal of their motion.

22      5. All communications by the plaintiff with the court must be served on defendants, or
23  defendants' counsel once counsel has been designated, by mailing a true copy of the document to
24  defendants or their counsel.

25      6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No
26  further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required
27  before the parties may conduct discovery.

28      Plaintiff is reminded that state prisoners inmates may review all non-confidential material

1   in their medical and central files, pursuant to *In re Olson*, 37 Cal. App. 3d 783 (Cal. Ct. App.
2   1974); 15 California Code of Regulations § 3370; and the CDCR's Department Operations
3   Manual §§ 13030.4, 13030.16, 13030.16.1-13030.16.3, 13030.21, and 71010.11.1.  Requests to
4   review these files or for copies of materials in them must be made directly to prison officials, not
5   to the court.

6           7.  It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court
7   informed of any change of address and must comply with the court's orders in a timely fashion.
8   Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to
9   Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: January 24, 2024

JEFFREY S. WHITE
United States District Judge