UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORREY MITCHELL,<br><br>   Plaintiff,<br><br> v.<br><br>RONALD BROOMFIELD, et al.,<br><br>   Defendants. | Case No. 23-cv-06295-JSW<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION OR TEMPORARY RESTRAINING ORDER; GRANTING EXTENSION OF TIME**<br><br>Re: Dkt. Nos. 17, 20 |

Plaintiff, a California prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. His allegation that Defendant Elisha Scott and Defendant Ronald Broomfield caused his prison records to add 44 years to his sentence, i.e. from a term of 207 years to life to a term of 251 years to life was found, when liberally construed, to state cognizable claims against them for violating his federal constitutional rights to due process and to be free from cruel and unusual punishment.

Now before the Court is Plaintiff's motion for a preliminary injunction and a temporary restraining order directing Defendant Broomfield, whom he alleges is the "Director of the Legal Processing Unit, and his staff" to follow prison procedures and directing Broomfield "to cease the ongoing violations of Plaintiff's constitutional rights." (ECF No. 17 at 4-5.) Plaintiff cites the California Department of Corrections and Rehabilitation's ("CDCR") Departmental Operations Manual ("DOM") Section 71020.7.3. (*Id.*) The Court ordered Defendants to show cause why the motion should not be granted, which they have done because Plaintiff has not shown a likelihood of success on the merits.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v.*

*Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).  "A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.'"  *Lopez v. Brewer, et al.*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citation omitted) (emphasis in original).  The standard for issuing a TRO is similar to that required for a preliminary injunction.  *Los Angeles Unified Sch. Dist. v. United States Dist. Court*, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J., dissenting).

   Defendants have shown that Defendant Broomfield is not, and never has been, the Director of the CDCR's Legal Processing unit or responsible for the calculation of inmates' sentences.  As for Plaintiff's request for Broomfield to stop the constitutional violations by other Defendants, Defendants have also shown they have not calculated Plaintiff's sentence to be any longer than 207 years, and there are no plans to do so absent an order from the state court.  Accordingly, Plaintiff has not shown a likelihood that his claims will succeed on the merits.  His motion for a preliminary injunction or TRO is DENIED.  (ECF No. 17.)

   Defendants' motion for an extension of time, to and including August 1, 2024, to respond to Plaintiff's discovery requests is GRANTED.  (ECF No. 20.)

   **IT IS SO ORDERED.**

Dated: June 25, 2024

_____
JEFFREY S. WHITE
United States District Judge